

UNITED STATES COURT OF APPEALS

11TH CIRCUIT

ATLANTA DIVISION

In re:

Tiron Alexander, Debtor

Case No. 24-51568-RMM

Chapter 7

NOTICE OF APPEAL AND REQUEST FOR REVIEW OF ORDER DENYING MOTION TO REOPEN AND ORAL REQUEST FOR CONTINUANCE

To the Honorable District Court Judge:

Comes now the Debtor, Tiron Alexander, by and for himself, and respectfully appeals the Order Denying Motion to Reopen and Oral Request for Continuance, entered on June 30, 2025, by the Honorable Robert M. Matson, United States Bankruptcy Judge.

I. Background and Procedural Posture

The Debtor originally filed a voluntary petition under Chapter 7 on October 16, 2024. A motion for waiver of the credit counseling requirement pursuant to 11 U.S.C. §109(h)(4) was submitted based on the Debtor's documented disability and supported by Social Security Administration documentation. Despite timely efforts and appearance via telephonic hearings, the motion was denied on the grounds of insufficient evidence and the Debtor's inability to appear in person.

# UNITED STATES COURT OF APPEALS

# 11TH CIRCUIT

# ATLANTA DIVISION

The Debtor filed a Motion to Reopen on March 25, 2025, to allow for the presentation of further evidence and to address what the Debtor believes to be a misapplication of the evidentiary standard under §109(h)(4). Despite continued efforts to comply with the Court's directives and multiple requests for continuance due to substantial hardship-including an unresolved federal criminal matter in the Southern District of Florida that materially restricted travel-the Motion was ultimately denied based on the grounds of futility and failure to prosecute.

II. Grounds for Appeal

The Debtor respectfully asserts the following grounds for appeal:

1.  Abuse of Discretion in Denying Continuance: The Court erred in denying the Debtor's final request forcontinuance despite valid reasons preventing in-person attendance. The denial fails to fully consider the impact of an active criminal matter restricting travel, an issue beyond the Debtor's control, and does not satisfy the fairness principles outlined in In re Fisher Island Invs., Inc., 778 F.3d 1172 (11th Cir. 2015).

2.  Error in Legal Standard for Disability Waiver: The Court misapplied the standard under 11 U.S.C.§109(h)(4), discounting the federal government's determination of disability without allowing the Debtor to submit complete evidence. The SSA designation is compelling prima facie evidence and should have warranted a more robust evidentiary review before denial.

3.  Due Process Violation: The repeated refusal to allow telephonic or virtual evidentiary submission,especially when it was the only reasonable method available, deprived the Debtor of meaningful access to the Court and the opportunity to be heard.

III. Relief Requested

The Debtor respectfully requests the following relief from the District Court:

- Reversal of the Bankruptcy Court's June 30, 2025 Order;
- Remand of the case to the Bankruptcy Court with instruction to hold an evidentiary hearing accommodating the Debtor's circumstances (either virtually or in a more flexible manner);
- Grant of the Motion to Reopen to allow proper presentation of all relevant supporting documents;- Any other relief deemed just and proper.

Respectfully submitted this 7th day of July, 2025.

/s/

Tiron Alexander

4400 Amon Carter Blvd Unit 155024

Fort Worth, TX 76155

Email: tuffytufft1@yahoo.com

From: TIRON ALEXANDER
4400 AMON CARTER BLVD
155024
FT WORTH, TX 76155

Retail

30303
RDC 99

U.S. POSTAGE PAID
FCM LETTER
LONGVIEW, TX 75605
JUL 08, 2025

**$0.73**

S2324P500760-03

CLEARED SECURITY

JUL 14 2025

U.S. MARSHALS SERVICE
11th Circuit Court of Appeals (COA)

To: US COURT OF APPEALS 11TH CIRCUIT
56 FORSYTH ST NW
ATLANTA, GA 30303





SHREVEPORT LA 710
9 JUL 2025 • AM 3 L

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 16, 2025

Tiron Alexander
4400 Amon Carter Blvd., Unit 155024
Ft. Worth,, TX  76155

**This notice is to acknowledge receipt of your document(s) on** _____July 14, 2025_____ .

**Your document(s) will be handled as described below:**

☐ This Court's records indicate that you have no open case pending in this Court. No action will be taken on your document(s).

☐ This Court is a federal court of limited jurisdiction. This Court has authority to act only on cases created under the statutes enacted by Congress. In general, only cases which have been first filed, and finally decided, in a United States District Court or Bankruptcy Court within this Circuit (Alabama, Florida, and Georgia), the United States Tax Court, and certain federal agencies may be appealed to this Court. This Court does not have authority to act in appeals from state and county courts. No action will be taken on your document(s).

☐ Your document(s) appear(s) to have been intended for a different court. No action will be taken on your document(s).

☐ You requested a specific form. The Court does not offer a form related to your request. No action will be taken on your document(s).

☐ Your request for an extension of time to file a notice of appeal will be submitted to the district court. No action will be taken in this Court on your document(s).

☐ Except as noted above, this Court does not act on requests for an extension of time submitted without an existing case or appeal. No action will be taken on your document(s).

☐ The Clerk's Office is unable to discern the purpose of your document(s) and/or your document(s) do(es) not appear to have been intended for this Court. Please provide clarification; otherwise, no action will be taken on your document(s).

☒ An appeal from a district court to a court of appeals may be taken only by filing a notice of appeal <u>with the district court</u> within the time allowed by FRAP 4. *See* FRAP 3. You mistakenly filed a notice of appeal with this Court. (Please note, that under 11th Cir. R. 22-1(a), this Court will construe a party's filing of an application for a certificate of appealability, or other document indicating an intent to appeal, as the filing of a notice of appeal.) Under FRAP 4(d), the notice of appeal will be sent to the district court.

☐ The Clerk's Office is unable to discern whether your document(s) may be or may serve as a notice of appeal. Out of an abundance of caution, your document(s) will be sent to the district court under FRAP 4(d) to be processed as the district court deems appropriate. No action will be taken in this Court on your document(s).

☐ An application for a writ of habeas corpus must be made to the appropriate district court. Under FRAP 22(a), the application will be transferred to the district court.

☐ The Clerk's Office is unable to provide you with legal advice. No action will be taken on your document(s).

☒ Other:

Your notice of appeal is being forwarded to the U.S. Bankruptcy Court (MGA-Macon) to be filed in case no. 24-51568-RMM, In Re: Tiron Alexander.

Rev. 4/21  EKG

**SO ORDERED.**

**SIGNED this 30 day of June, 2025.**



*Robert M. Matson*
_____
**Robert M. Matson**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| In re:<br><br>Tiron Alexander<br><br>Debtor | Case No. 24-51568-RMM<br><br>Chapter 7 |

**ORDER DENYING MOTION TO REOPEN AND ORAL REQUEST FOR CONTINUANCE**

Before the Court is Debtor's motion to reopen this closed Chapter 7 case [Doc. 67] ("Motion to Reopen"). The Court held a hearing on the Motion to Reopen on June 26, 2025, at 9:30 AM—a hearing initially scheduled for May 1, 2025, but continued twice on Debtor's request. Debtor appeared via telephone and orally requested another continuance. The Court denied this oral request. The Court then denied the Motion to Reopen, stating its reasons on the record and reserving the right to supplement its ruling in its written order. The Court now enters this order consistent

1

with its ruling from the bench. For the benefit of Debtor and any reviewing court, this order will summarize the record and proceedings in this case.

## Debtor's Motion for Waiver of Credit Counseling

Debtor filed this Chapter 7 case on October 16, 2024. On November 14, 2024, Debtor filed a motion seeking a waiver of the credit counseling requirements of 11 U.S.C. § 109(h), stating only, "A disability prevents counseling and planning attendance." [Doc. 39] ("Credit Counseling Motion").[1] The Debtor simultaneously filed a Social Security Administration Benefit Verification Letter [Doc. 31] showing Debtor receives $688 per month in social security benefits and referring to Debtor as a "disabled individual."

The Credit Counseling Motion was initially scheduled to be heard on December 16, 2024, at 9:30 AM.[2] Debtor, however, failed to appear at that hearing. The Court on its own initiative rescheduled the hearing to January 16, 2025, at 9:30 AM.

The Credit Counseling Motion again came before the Court as scheduled.[3] The Debtor appeared telephonically from Texas. The Court engaged in several minutes of colloquy with the Debtor about the requested waiver. Debtor believed that receiving social security disability benefits was sufficient to qualify for the disability waiver

---

[1] Under § 109(h)(4), a debtor is exempt from the credit counseling requirements if the Court determines the debtor "is unable to complete those requirements because of ... disability," with "disability" defined as meaning "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet" credit counseling briefing. 11 U.S.C. § 109(h)(4).

[2] *See* Docs. 43 (notice of hearing), 46 (Bankruptcy Noticing Center Certificate of Notice for hearing).

[3] The audio of this hearing is attached to the document docketed on January 16, 2025, as "PDF with attached Audio File" [Doc. 51] ("January 16 Hearing Audio").

2

under 11 U.S.C. § 109(h)(4).[4] The Court, however, made two points clear at the hearing: (1) eligibility for the § 109(h)(4) waiver must be proved with evidence such as testimony or exhibits, which would require the Debtor's presence in the courtroom, and (2) qualifying as disabled for purposes of social security benefits, by itself, is insufficient to prove a disability for purposes of § 109(h)(4).

The hearing concluded with the following colloquy in which the Court offered, and the Debtor accepted, a continuance of the hearing:

Court: If you, if you'd like me to continue this hearing one more time and you can travel from Texas to here to try to submit evidence, we can do that. Or if the only evidence you have is the fact that you're receiving social security then that's not enough for me to grant your motion.

Debtor: Yeah, you can continue it and I'll figure out what -- what burden lies on me to prove to you that I'm disabled, that the federal government accepted. Sure, I'll accept the continuation.

Court: Well, that's fine, we'll continue it one more time. I don't mind giving you that chance. But if you're going to submit evidence you need to be here. You're going to have to either testify or you're going to have to have documents that can be submitted into evidence for me to consider. But calling in from Texas next month will be insufficient.

Debtor: Okay. Understood. I appreciate it.[5]

The Court continued the hearing to February 13, 2025, at 9:30 AM. The Debtor, however, failed to appear at the hearing. At this continued hearing, the Court once again stated on the record that Debtor's receipt of social security benefits is an

---

[4] *See* January 16 Hearing Audio at 0:05:18–0:05:28 (Court: "The only -- the only evidence you have is the fact that you're receiving social security benefits, that they've deemed you -- the Social Security Administration has deemed you disabled?" Debtor: "That's correct."); January 16 Hearing Audio at 0:07:17–0:07:37 ("I was under the impression that the federal government documentation would suffice, but if it doesn't then I don't know what else would suffice for the court. I understand this burden of proof on me, but I thought I beared that burden by providing documents from the federal government. But if that doesn't appease the court, then I don't know what else would.").

[5] January 16 Hearing Audio at 0:10:15–0:11:10.

3

insufficient basis for granting a waiver of the credit counseling requirements, citing *In re Smith*, No. 07-05726-DD, 2007 WL 5117434 (Bankr. D.S.C. Nov. 29, 2007).[6] The Court thereafter entered an order noting Debtor's failure to appear and denying the Credit Counseling Motion "[f]or the reasons announced on the record at the hearing." Order Denying Motion for Waiver of Credit Counseling at 2 [Doc. 58].

The Court reiterates, for Debtor's benefit, that the bar for a disability waiver is a high one and governed by statute. A debtor is exempt from the credit counseling requirements only if the Court determines the debtor "is unable to complete those requirements because of ... disability," with "disability" defined as meaning "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet" credit counseling briefing. 11 U.S.C. § 109(h)(4). While receiving social security disability benefits may be evidence that one has a disability, it is not proof of a physical impairment so severe as to prevent participation in credit counseling in person, over the phone, or on the internet.

### Debtor Attempts a Late Appeal in a Closed Case

Debtor had until Thursday, February 27, 2025, to timely appeal the order denying the Credit Counseling Motion. *See* Fed. R. Bankr. P. 8002(a)(1) (stating "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered"). Debtor did not appeal by that date. On Monday, March 3, 2025, the Clerk of Court closed this case without discharge.

---

[6] The audio of this hearing is attached to the document docketed on February 13, 2025, as "PDF with attached Audio File" [Doc. 57].

4

Then on March 5, 2025—after the appeal deadline had passed and this case was closed—Debtor filed a Notice of Appeal [Doc. 64] as to the order denying the Credit Counseling Motion. Debtor did this without filing a motion to reopen the case.

The Court then entered, on March 10, 2025, an order regarding Debtor's failure to file a motion to reopen the case to pursue the appeal, and giving Debtor 21 days to do so. *See* Order Setting a Deadline for the Debtor to File a Motion to Reopen the Case to Pursue an Appeal [Doc. 65] ("March 10 Order"). The Court, however, attempted to convey the likely futility of reopening the case to pursue an out-of-time appeal:

> Pursuant to 11 U.S.C. § 350(b), "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The Debtor has not filed a motion to reopen the case to pursue the appeal. Under items (9) and (11) of the Bankruptcy Court Miscellaneous Fee Schedule, issued in accordance with 28 U.S.C. § 1930, a total of $260 is owed for filing a motion to reopen a chapter 7 case.
>
> If the debtor were to file a motion to reopen, it would likely be denied. "Whether or not to reopen the case is a decision solely within the discretion of the bankruptcy court." *In re Phillips*, 288 B.R. 585, 587 (Bankr. M.D. Ga. 2002) (Walker, J.). "A case will not be reopened if doing so would be futile." *In re Sallad*, No. 15- 50911-AEC, 2016 WL 1442364, at *1 (Bankr. M.D. Ga. Feb. 29, 2016) (Carter, J.) (cleaned up). *See also, e.g. In re Phillips*, 288 B.R. at 587 ("The Court will not reopen the case if doing so would be futile—i.e., if the Bank's complaint is time-barred."); *In re Malin*, 652 B.R. 828, 836 (Bankr. N.D. Ga. 2023) ("Courts regularly decline to reopen cases where there is no merit to the ultimate relief being requested because reopening the case would be 'meaningless.'").
>
> Relevant here: "The timely filing of a notice of appeal is mandatory and jurisdictional. If an appellant seeking review of an order of the bankruptcy court fails to file a timely notice of appeal, the district court lacks jurisdiction to consider the appeal." *In re Legum*, 756 F. App'x 975, 976 (11th Cir. 2019) (citation omitted). *See also, e.g., In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1318 (11th Cir. 2016) ("Under Bankruptcy Rule 8002, Gowdy had 14 days from the 'entry of the judgment, order, or decree being appealed' to file a notice of appeal. The

5

> timely filing of a notice of appeal 'is jurisdictional.') (quoting *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000)).
> 
> Here, unless the Debtor could establish the notice of appeal were timely, reopening this case would appear to be futile. *See, e.g., In re Murphy*, 547 B.R. 875, 879 (Bankr. W.D. Pa. 2016) (denying motion to reopen a bankruptcy case to allow pursuit of an untimely appeal; reopening "would be futile and a waste of judicial resources"); *In re Owens*, No. 16-00043, 2016 WL 3300894 (Bankr. D.D.C. June 7, 2016) ("Here, unless the debtor showed that the court is wrong in treating the notice of appeal as untimely, the reasoning in *Murphy* would appear to warrant denying any motion to reopen the debtor might file in this case.").
> 
> In this case no motion to reopen has been filed but such a motion is required if the Debtor is to pursue an appeal of the order denying the Motion. Accordingly, the Court will strike the notice of appeal unless the Debtor, within 21 days after entry of this order, files a motion to reopen the case (effective as of the date of filing the notice of appeal), showing cause why the case should be reopened. If the Debtor timely files the motion, and the Court denies it, the notice of appeal will likewise be stricken. The Debtor may, of course, timely appeal any order denying a motion to reopen and striking the notice of appeal.

March 10 Order at 4–5.

### Motion to Reopen & May 1 Hearing

On March 25, 2025, Debtor filed the Motion to Reopen currently before the Court. Debtor does not argue (let alone establish) the notice of appeal was timely, nor does Debtor attempt to address the futility concern raised in the March 10 Order. In fact, Debtor acknowledges the untimeliness of the appeal.[7]

In support of the Motion to Reopen, Debtor first asserts "there are compelling grounds … that justify reopening the case," such as "excusable neglect, misunderstanding of the procedural requirements and evidence regarding the nature

---

[7] *See* Motion to Reopen at 2 ("Notwithstanding the untimely filing of the Debtor's Notice of Appeal on March 5, 2025, the Court's order expressly permits the Debtor to file a timely Motion to Reopen in order to pursue an appeal. … Despite the expiration of the statutory appeal period (which closed on February 27, 2025), the Debtor filed a Notice of Appeal on March 5, 2025.").

of the disability." Motion to Reopen at 2. Debtor further asserts, "Reopening will permit the Debtor to fully develop and present evidence in support of the contention that the Court erred in holding that receipt of Social Security benefits is, by itself, insufficient to establish disability under§ 109(h)(4)." *Id.* Finally, Debtor argues judicial economy and fairness support reopening, as reopening will "avoid[] the waste of judicial resources that would result from an appeal proceeding on an untimely notice" and " any prejudice arising from the reopening is minimal compared to the potential for a just resolution of the underlying waiver issue." *Id.* at 3.

The Court scheduled a hearing on the Motion to Reopen for May 1, 2025, at 9:30 AM. Debtor once again appeared telephonically despite intending to submit evidence to the Court. The Court once again made it clear that Debtor must appear in person to submit evidence. Debtor requested a continuance, which the Court granted. A transcript of the relevant portion of this hearing is as follows:

| | |
|---|---|
| Court | Okay, so I have read your motion to reopen and the statement of facts and argument. Do you have -- and again, we're running into the evidentiary issues. You are appearing telephonically. Is there any factual evidence that you're going to want to enter in support of your motion? Or is this something we can just address on the merits? Is there no factual dispute? |
| Debtor | So I can submit the SSA documents. There's over 300 pages of evidentiary information there, if it would appease the court. |
| Court | Okay, again, if there are, if there's testimony where you want to testify in support of your motion, or if there exhibits that you want to enter in support of your motion, you have to be in person to enter the evidence into the record. |
| Debtor | Understood Your Honor. Can I be provided a continuation? And also I'll provide those in person. |

7

| | |
|---|---|
| Court | Yeah, that is fine. I don't mind giving you the opportunity to do that. You have read the order, and I believe the court has spelled out the issues that you are facing on your motion to reopen. But if you would like another continuance of this hearing, so that you have the chance to come to court and testify or submit, and/or submit exhibits into the record, then I don't have a problem giving you one more continuance. |
| Debtor | Yes, Your Honor. Thank you. All right. |
| | … |
| Court | Yeah, we will get back with you the with respect to the continued hearing date again, though, just so it's clear, if you're wanting to testify or submit exhibits into the record you must be in person. |
| Debtor | Yes, Your Honor, I understand.[8] |

The Court thereafter on the record provided Debtor with the continued hearing date of May 29, 2025, at 9:30 AM. Before that hearing date, however, Debtor contacted Court staff via telephone to request a continuance. The Court accommodated Debtor, as it has done many times throughout this case, and continued the hearing to June 26, 2025, at 9:30 AM.

## June 26 Hearing

At the June 26 continued hearing date, Debtor once again appeared by telephone.[9] The Court engaged in colloquy with Debtor about appearing via telephone despite the hearing having been continued twice so that Debtor could appear in person. In response, Debtor requested another continuance, explaining that a

---

[8] The audio of this hearing is attached to the document docketed on May 1, 2025, as "PDF with attached Audio File" [Doc. 70]. The above transcribed portion begins at 0:00:43 of the audio recording and ends at 0:03:27.

[9] The audio of this hearing is attached to the document docketed on June 26, 2025, as "PDF with attached Audio File" [Doc. 75].

"criminal matter" pending in the Southern District of Florida is preventing Debtor from appearing in person.

The Court denied the request for another continuance after noting the latitude Debtor had been given to prosecute the Motion to Reopen and the lack of anything before the Court, aside from Debtor's assertions, to support the request for a continuance.

The Court then denied the Motion to Reopen on two, independent grounds: (1) Debtor's failure to prosecute the Motion to Reopen and (2) on futility. As to futility, the Court referred Debtor to the March 10 Order and cited the same caselaw cited in the March 10 Order.

The Court uses this opportunity to elaborate on its denial of another continuance. "The denial of a continuance is within the broad discretion of the district court and will not be overturned unless arbitrary or unreasonable." *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987). The Court of Appeals for the Eleventh Circuit "consider[s] four factors to determine whether the denial of a continuance constitutes an abuse of discretion: (1) the moving party's diligence in its efforts to ready the case for trial; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and (4) the extent to which the moving party might have suffered harm as a result of the denial." *In re Fisher Island Invs., Inc.*, 778 F.3d 1172, 1197 (11th Cir. 2015).

As to the diligence factor, Debtor has shown no discernable diligence whatsoever throughout this case. The Court has been accommodating to Debtor despite multiple missed hearings and Debtor continuing to appear by telephone despite the Court's admonitions. Moreover, Debtor has yet to satisfactorily explain why—despite filing a bankruptcy case in the Macon Division of the Middle District of Georgia—Debtor cannot appear at a hearing in person but must phone in from different states.

As to second factor, Debtor has shown little likelihood that granting another continuance would move anything along. Rather, Debtor now appears to seek a futile, or at least indefinite, continuance. It is unclear how long this unidentified and unspecified "criminal matter" in Florida will prevent Debtor from appearing in Georgia, and Debtor did not volunteer details. Given the history of this case and Debtor's shifting excuses for appearing by telephone, another continuance would be unlikely to remedy anything.

The Court gives little weight to the third factor due to lack of an opposing party. But the ongoing inconvenience to the Court and Court staff in providing repeated continuances weighs against Debtor.

As to the harm factor, "[t]he denial of a continuance is not an abuse of discretion unless it 'severely prejudices' the moving party." *In re Fisher Island Invs., Inc.*, 778 F.3d 1172, 1197 (11th Cir. 2015). Here, Debtor suffers no harm from denial of a continuance because Debtor's efforts to reopen this case and obtain a credit counseling waiver lack merit. *See, e.g., Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK*

*Ltd.*, 326 F.3d 1333, 1351 (11th Cir. 2003) ("Finally and most importantly, Quiet suffered no harm as a result of the denial of the continuance because its *Daubert* challenge is unavailing on its merits. ... Thus, the requisite prejudice is lacking.").

As noted above and in previous orders, reopening this case to prosecute an untimely appeal would be futile, and even disregarding that, Debtor cannot meet the standard for waiver of the credit counseling requirements. Debtor, therefore, is not prejudiced by denial of another continuance.

Finally, "[a]nother relevant factor ... is whether the district court has granted a prior continuance in the case." *SEC v. Levin*, 849 F.3d 995, 1005 (11th Cir. 2017). The Court already continued the Motion to Reopen hearing twice previously. The Court notes, moreover, that Debtor intends to rely on evidence of social security disability benefits—evidence Debtor could have but did not introduce at the December 16, January 16, and February 13 hearings on the Credit Counseling Motion. The June 26 hearing was Debtor's *sixth* chance to submit this evidence.

## Conclusion

For all the foregoing reasons, it is hereby **ORDERED** that the Motion to Reopen [Doc. 67] and Debtor's oral motion to continue the June 26, 2025, are both *denied*. Additionally, in accordance with the March 10 Order, the Court *strikes* Debtor's Notice of Appeal [Doc. 64].

## END OF DOCUMENT